**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESUS RODRIGUEZ,

        Movant,

vs.                          No. CV 20-00201 JAP/KRS
                                   No. CR 16-01982 JAP

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the handwritten request for relief and Amended Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant, Jesus Rodriguez (CV Doc. 1, 5; CR Doc. 87) ("Motion").  The Court will dismiss the Motion and deny a certificate of appealability.

## I. Factual and Procedural Background

Movant Jesus Rodriguez was charged as a felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1).  (CR Doc.1).  The Complaint stated that Rodriguez had at least nine prior New Mexico state felony convictions between 2004 and 2011.  (CR Doc. 1 at 4). Rodriguez was indicted under § 922(g)(1) and 18 U.S.C. § 924(a)(2) on May 10, 2016.  (CR Doc. 12).  The Indictment stated that Rodriguez:

> "having been convicted of felony crimes punishable by imprisonment for a term exceeding one year
>     (1) aggravated battery against a household member (deadly weapon)
>     (2) auto burglary
>     (3) aggravated battery against a household member (great bodily harm)
>     (4) child abuse

1

(5) conspiracy to commit auto burglary

(6) battery on a peace officer, knowingly possessed, in and affecting commerce, firearms and ammunition:

(1) a Baretta model PX4 Storm, .40 caliber pistol, serial number P239487,

(2) two (2) Federal brand .40 caliber cartridges, and

(3) thirteen (13) Tulammo brand .40 caliber cartridges,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(CR Doc. 12). On March 22, 2017, Rodriguez consented to enter a plea before a U.S. Magistrate Judge and pled guilty to the Indictment without a plea agreement. (CR Doc. 40, 41). The Magistrate Judge concluded that there was a sufficient factual predicate to sustain the charges and that the guilty plea was freely, voluntarily, and intelligently made. (CR Doc. 41). A sentencing hearing was held on September 7, 2017 and Judgment was entered on the conviction and sentence on September 8, 2017. (CR Doc. 70, 71). The Court sentenced Rodriguez to 180 months of imprisonment. (CR Doc. 71).

Movant Rodriguez filed a Notice of Appeal on September 11, 2017. (CR Doc. 72). In his direct appeal, Rodriguez challenged his sentence. He argued that two of the prior offenses of aggravated battery against a household member, both for violating N.M.S.A. 30-3-16(C), are not violent felonies under the ACCA. (CR Doc. 84-1 at 1). The United States Court of Appeals for the Tenth Circuit affirmed the conviction and sentence and its Mandate issued remanding the case to this Court on March 7, 2018. (CR Doc. 84). Rodriguez petitioned the United States Supreme Court for review. The Supreme Court denied certiorari on October 1, 2018. (CR Doc. 86).

Rodriguez filed a handwritten letter seeking relief under *Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551 (2015) on March 5, 2020. (CV Doc. 1; Cr Doc. 87). The Court notified Rodriguez that it was considering construing the filing as a § 2255 Motion and notified Rodriguez that he could amend or withdraw the filing in accordance with *Castro v. United States,* 540 U.S. 375 (2003). (CV Doc. 2). Rodriguez filed an Amended Motion to Vacate, Set Aside, or Correct

2

Sentence under 28 U.S.C. § 2255 and a Memorandum in Support on April 27, 2020.  (CV Doc. 5, 6).

In his Amended Motion, Rodriguez seeks to vacate, set aside, or correct his sentence on three grounds. First, Rodriguez contends that his New Mexico convictions for aggravated battery against a household member (great bodily harm) do not qualify as prior violent predicate offenses under the ACCA based on *Johnson* and *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019).  (CV Doc. 5 at 4; CV Doc. 6 at 1-2).  Second, he argues that the statue of his conviction is void for vagueness based on *Davis*.  (CV Doc. 5 at 5; CV Doc. 6 at 2-3).  Last, he also contends that his conviction requires a showing of intent, which was not proved as required by *Rehaif v. United States,* 139 S.Ct. 2191 (2019).  (CV Doc. 5 at 7; CV Doc. 6 at 3). Rodriguez also makes passing reference to possible claims of ineffective assistance of his defense counsel in failing to anticipate, investigate, and raise the *Johnson, Davis*, or *Rehaif* issues, but does not identify them as formal claims. (CV Doc. 5 at 6, 7, 8, 9).  Also pending before the Court are Movant's Motion to Appoint Counsel (CV Doc. 7) and Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (CV Doc. 8).

## II.  <u>Rodriguez is Not Entitled to Section 2255 Relief</u>

Rodriguez seeks collateral review of his sentence under 28 U.S.C. § 2255.  Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a). Claims for collateral review of convictions and sentences are governed by a 1-year statute of limitations.  Section 2255(f) sets out the 1-year statute of limitations:

> "A 1-year period of limitation shall apply to a motion under this
>
> section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  An untimely direct appeal or a motion to reduce sentence will not alter or toll the running of the one-year limitation period of § 2255(f).  *See United States v. Terrones-Lopez*, 447 Fed.App'x 882, 884-85 (10th Cir. 2011).

### A. <u>Rodriguez's Claims are Barred by the One-Year Statute of Limitations</u>:

Rodriguez's conviction and sentence in his criminal case became final on October 1, 2018 when the U.S. Supreme Court denied certiorari on direct appeal.  (CR Doc. 86).  His handwritten request for § 2255 relief was not filed until March 5, 2020.  (CV Doc. 1; CR Doc. 87).  More than one year elapsed between the time his conviction and sentence became final and his filing for § 2255 relief.  Therefore, his § 2255 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2255(a) (1).

Rodriguez seeks to rely on newly decided U.S. Supreme Court precedent to provide a later date for commencement of the running of the statute of limitations under 28 U.S.C. § 2255(a) (3).

(Doc. 5 at 11). Rodriguez relies on *Johnson v. United States,* 135 S. Ct. 2551 (2015), *United States v. Davis*, 139 S.Ct. 2319 (2019), and *Rehaif v. United States.*, 139 S. Ct. 2191, 2200 (2019), However, *Johnson* was decided in 2015, before Rodriguez was sentenced and, therefore, does not provide a later date for statute of limitations purposes. Further, although *Davis* was decided in 2019, as is set out, below, Rodriguez was not convicted under 18 U.S.C. § 924(c) and *Davis* does not apply to his claims. Last, *Rehaif* has not been made retroactively applicable on collateral review and does not provide Rodriguez a later date for commencement of the statute of limitations under § § 2255(a) (3). *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

Movant Rodriguez's § 2255 claims were filed more than one year after finality of his conviction and sentence. No basis exists in this case for a later statute of limitations accrual date based on newly decided Supreme Court precedent. Therefore, Rodriguez's § 2255 claims are barred by the one-year statute of limitations of § 2255(f).

**B. Rodriguez is Not Entitled to Relief Based on *Johnson* or *Davis*:**

Rodriguez seeks collateral review based on *Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551 (2015). (CV Doc. 1; CV Doc. 5 at 4; CV Doc. 6 at 1-2; CR Doc 87). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. The predicate crime for an enhanced sentence under § 924(e) is transportation or possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous

convictions for a "violent felony."  18 U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.  135 S.Ct. at 2555-2563.  The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause.  The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies.  The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563.  Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

In this case, Rodriguez's sentencing took place several years after the Supreme Court's decision in *Johnson*, and Rodriguez was not sentenced under the residual clause of § 924(e)(2)(B). (CR Doc. 70, 71). The ruling in *Johnson* does not afford him any basis for § 2255 relief.  Further, to the extent he is attempting to argue that his state convictions do not qualify as predicate crimes of violence under the force clause of the ACCA, the Tenth Circuit has already ruled against him

on that argument.  (CR Doc. 84-1).  As the Tenth Circuit held, *United States v. Ontiveros*, 875 F.2d 533 (10th Cir. 2017) is binding precent for the proposition that Rodriguez's convictions for aggravated battery against a household member are proper predicate crimes of violence for purposes of the ACCA.  (CR Doc. 84-1).  Rodriguez is not entitled to relief under *Johnson.*

In addition to *Johnson,* Rodriguez also relies on the United States Supreme Court's decision in *United States v. Davis*, 39 S.Ct. 2319 (2019).  (CV Doc. 5 at 4-5; CV Doc. 6 at 2-3). On June 24, 2019, the U.S. Supreme Court struck down the residual clause of 18 U.S.C. 924(c)(3)(B) as constitutionally vague and invalid in *United States v. Davis*.  Section 924(c) defines "crime of violence" to mean:

> "an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use
> of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used in the course
> of committing the offense."

18 U.S.C. § 924(c)(3).  In *Davis*, the Supreme Court ruled that the residual clause language of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. The Court determined that this conclusion was compelled by its prior decisions in *United States v. Johnson* and *Sessions v. Dimaya,* 584 U.S. ___, 138 S. Ct. 1204 (2018).  On September 3, 2019 the Tenth Circuit handed down a precedential opinion holding that *Davis* is retroactively applicable on collateral review. *United States v. Bowen,* 936 F.3d 1091 (10th Cir. 2019).  The Tenth Circuit also held that the U.S. Supreme Court has made *Davis* retroactively applicable for purposes of second or successive § 2255 motions.  *In re Mullins*, 942 F.3d 975 (10th Cir. 2019).

However, Rodriguez's reliance on *Davis* is misplaced.  Contrary to his contentions, *Davis* did not alter or effect but, was consistent with the Supreme Court's ruling in *Johnson*.  Further,

*Davis* invalidated the residual clause of § 924(c)(3)(B).  Rodriguez was not convicted under 18

U.S.C. § 924(c) and the *Davis* ruling has no application to his § 2255 claims.  (CR Doc. 70, 71).

      **C.  Rodriguez is Not Entitled to Relief Based on *Rehaif*:**  In seeking § 2255 relief on

his third claim, Rodriguez relies on, *Rehaif v. U.S.*, 139 S. Ct. 2191, 2200 (2019), to set aside his

federal crime (felon in possession of a firearm, 18 U.S.C. § 922(g)).  (CV Doc. 5 at 7; CV Doc. 6

at 3).  *Rehaif* held that in a prosecution under § 922(g) "the Government must prove both that the

defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

persons barred from possessing a firearm." 139 S. Ct. at 2200. In his criminal case, Rodriguez

pled guilty to the Indictment, which states that Rodriguez:

"having been convicted of felony crimes punishable by imprisonment for a
      term exceeding one year
            (1) aggravated battery against a household member (deadly weapon)
            (2) auto burglary
            (3) aggravated battery against a household member (great bodily harm)
            (4) child abuse
            (5) conspiracy to commit auto burglary
            (6) battery on a peace officer
      knowingly possessed, in and affecting commerce, firearms and ammunition:
            (1) a Baretta model PX4 Storm, .40 caliber pistol, serial number
             P239487,
            (2) two (2) Federal brand .40 caliber cartridges, and
            (3) thirteen (13) Tulammo brand .40 caliber cartridges,
      in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

      (CR Doc. 12).  At the plea hearing Rodriguez made an allocution on the elements of the

crime.  (CR Doc. 41).  *Rehaif's* mens rea requirement was therefore satisfied in this case. *See*

*United States v. Benton,* ___ F.3d ___, 2021 WL 687940 (10th Cir. 2021).

      Even if it were not satisfied, *Rehaif* cannot form the basis for § 2255 relief because,

unlike *Johnson v. United States,* 135 S.Ct. 2551 (2015) and *United States v. Davis,* 139 S.Ct.

2319 (2019), courts have uniformly held that *Rehaif* is not retroactively applicable on collateral

review. *See In re Palacios*, 931 F.3d at 1315; *U.S. v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019);

*Littlejohn v. U.S.*, 2019 WL 6208549, at *2 (W.D. N.C. 2019); *Moore v. U.S.*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. U.S.*, 2020 WL 415895 (S.D. Ohio 2020); *Clay v. U.S.*, 2019 WL 6842005, at *3 (E.D. Mo. 2019); *U.S. v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *U.S. v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *U.S. v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020); *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020); *Khamisi-El v. United States,* 800 F. App'x 344 (6th Cir. 2020); *Barela v. United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020).  Rodriguez is not entitled to § 2255 relief based on *Rehaif*.

      **D.  <u>Rodriguez Does Not Demonstrate Ineffective Assistance of Counsel</u>:**  Rodriguez also makes vague reference to claims of ineffective assistance of counsel. (Doc. 5 at 6, 7, 8, 9).  In order to establish a claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  The likelihood of a different result must be substantial, not just conceivable.  *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

      Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner.  *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001).  If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief.  *Akridge v. Hopper,* 545

F.2d 457, 458 (5th Cir. 1977).  Where there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

Rodriguez contends that his defense counsel was ineffective in not raising the *Johnson, Davis,* or *Rehaif* standards.  (CV Doc. 5 at 6, 7, 8).  However, Rodriguez was convicted prior to the *Rehaif* decision and, as set out, above, is not eligible for any relief under *Rehaif.*  Nor is he eligible for relief under *Johnson* or *Davis.*  Rodriguez's claim does not show deficient performance by his counsel.  *Strickland v. Washington,* 466 U.S. at 688. Nor do the allegations establish that the result of the proceeding would have been different had counsel acted differently.  *United States v. Benton,* ___ F.3d ___, 2021 WL 687940.  Last, to the extent Rodriguez contends that he would not have pled guilty to the indictment, the record clearly establishes that the plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards. (CR Doc. 41). *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977).  Movant's counsel was not ineffective in allowing the Movant to enter into a plea.  *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004). Rodriguez was not prejudiced by any ineffective assistance of counsel and the Movant is not entitled to habeas corpus relief.  *Strickland v. Washington,* 466 U.S. 694.

### III. <u>Pending Motions</u>

Also pending before the Court are Movant's Motion to Appoint Counsel (Doc. 7) and Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8).  The Court will deny the Motion to Appoint Counsel.  There is no constitutional right to counsel to litigate a § 2255 motion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). Instead, when a hearing is not necessary,

appointment of counsel in a § 2255 proceeding rests in the discretion of the court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

Appointment of counsel in collateral review proceedings is governed by the provisions of 18 U.S.C. § 3006A(a)(2)(B). Section 3006A(a)(2)(B) states:

> "[w]henever the United States Magistrate Judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

18 U.S.C. § 3006A(a)(2)(B).  In light of the Court's dismissal of this case, the Court determines that the interests of justice do not require appointment of counsel.

Although unnecessary, the Court will grant the Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8).  Rodriguez has already been found to be financially eligible to proceed *in forma pauperis* and need not re-apply to do so in this case.  (CR Doc. 4, 5).

### IV.  <u>The Court Declines to Grant a Certificate of Appealability</u>

Movant Rodriguez is not entitled to relief on his § 2255 claims based on *Johnson, Davis, Rehaif* or ineffective assistance of counsel, and his claims are barred by the statute of limitations. His claims will be dismissed under Rule 4 of the Rules Governing Section 2255 Proceedings. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Rodriguez has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED:**

**(1)** the Motion to Appoint Counsel filed by Movant Jesus Rodriguez (Doc. 7) is **DENIED**;

(2) the Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8) is **GRANTED**; and

(3) Movant Jesus Rodriguez's handwritten request for § 2255 relief and Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1, 5; CR Doc. 87) are **DISMISSED** and a certificate of appealability is **DENIED**.


_____

SENIOR UNITED STATES DISTRICT JUDGE